UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 03-599-C**

**ROGER ROCHE,** **PLAINTIFF,**

V. **MEMORANDUM OPINION AND ORDER**

**HOME DEPOT U.S.A., ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Home Depot U.S.A., Inc., for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**I.   FACTUAL BACKGROUND**

The following factual background is stated in the light most favorable to the plaintiff, Roger Roche, the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The plaintiff was a sales associate at the Home Depot store located on Hurstbourne Lane in Louisville, Kentucky, from October 1996 until October 27, 1999. (Roche Depo. at 5)  The plaintiff made claims and complaints about his store, its management, and his co-workers during the last two years of his employment at the store. (Complaint Exhibits 7, 100-131)  He was terminated on October 27, 2002, as a result of continued complaints and claims. (Foreman Declaration ¶ 81)

Prior to his termination, in September 2002, the defendant issued a performance

notice to the plaintiff, containing statements regarding the plaintiff's making claims that were "deemed either unsubstantiated or false in their nature" and warning the plaintiff against "submitting any future false allegation." The performance review also contained a statement about "While making the false claims above . . . ." The remaining claims in this action for libel and negligent supervision involve these statements.

## II. STANDARD OF REVIEW

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed.R.Civ.P. 56(c)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp.*, 477 U.S. at 323. In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Browning*, 283 F.3d at 769 (quoting *Anderson*, 477 U.S. at 252). The initial burden of showing the absence of a genuine issue of material fact rests on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must present "specific

facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party does not have to support its motion with evidence disproving the non-moving party's claim. Instead, the moving party need only point out that there is an absence of evidence to support the non-moving party's case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp.*, 477 U.S. at 325). The ultimate question is whether the party bearing the burden of proof has presented a jury question as to each element of its case. *Id.*

### III.   ANALYSIS

There are three remaining libel claims set forth in Counts II, IV, and VI of the plaintiff's complaint, and one remaining negligent supervision claim based on the defendant's allowing the alleged libel to occur is set forth in Count I of his complaint. The defendant is entitled to summary judgment on the libel claims because the doctrine of privilege bars them. The remaining negligent supervision claim fails because the underlying libel claims are without merit.

#### A.   Libel Claims

To establish a prima facie case of libel, the plaintiff must show (1) defamatory language (2) about the plaintiff (3) which is published (4) and causes injury to reputation. *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. Ct. App. 1981). For libel *per se*, "the words themselves, absent any development of extrinsic facts or circumstances, [must be] actionable." *Id.* at 274. "'Defamatory language' is

broadly construed as language that 'tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004) (internal citations omitted). The statements at issue in this case concern accusations of dishonesty. This court previously held that such statements are sufficient to constitute libel *per se*. (Order dated July 16, 2004 at 14)

The plaintiff's claims for libel fail because, even assuming for the purposes of this motion that the plaintiff has presented a prima facie case, the statements in the September 2002 performance notice are protected by qualified privilege. Qualified privilege protects statements "made in good faith, without malice, by one who believes he has a duty or an interest to a person with a corresponding duty or interest." *Jones*, 2003 WL 21991661 at *6 quoting *Brewer v. Am. Nat'l Ins. Co.*, 636 F.2d 150, 154 (6th Cir. 1980). "Statements about the competence of an employee made internally and to prospective employers" are subject to qualified privilege in Kentucky. *Jones*, 2003 WL 21991661 at *6. Qualified privilege can be lost if abused or exceeded. *Stringer*, 151 S.W.3d at 797. Privilege having been placed in issue, it falls on the defamation plaintiff to defeat this defense by showing either that there was no privilege or that it has been abused. *Columbia Sussex*, 627 S.W.2d at 273.

As the court noted in its previous order, the plaintiff appears to agree that the individuals who made the statements had a duty to make the statements for the

4

purpose of maintaining employment records. (Order dated July 16, 2004 at 15) Qualified privilege applies to such employment records as the September 2002 performance notice when made in good faith and without malice. Actual malice "requires a showing of the falsity of the defamatory statement or reckless disregard of its truth or falsity." *Stinger*, 151 S.W.3d at 799. Malice can also be inferred from the fact of falsity. *Id.* The plaintiff has not presented any evidence in the form of sworn statements or deposition testimony that Sean Foreman, Greg Tangen, and/or Sylvia Smith acted with reckless disregard for the truth when making the statements in the September 2002 performance notice or that the statements made were in fact false. The plaintiff's mere conclusory allegations are insufficient to withstand summary judgment. Since the plaintiff has not met his burden to prove that the statements in the September 2002 performance notice were made with malice or in bad faith, his libel claims must be dismissed. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990).

**B.    Negligent Supervision Claim**

To establish negligent supervision, the plaintiff must show that the defendant failed to exercise ordinary care in hiring or retaining an employee and that this failure created a foreseeable risk of harm to the plaintiff. *Airdrie Stud, Inc. v. Reed*, 2003 WL 22796469 at *1 (Ky. Ct. App. 2003). The employer is liable only if it knew or should have known of the threat posed by the employee but failed to take remedial measures to ensure the safety of others. *Id.* at *2. The underlying injury must result from a

negligent or intentional tort committed by the employee.  *Id.*  Since the plaintiff's claims for libel fail, there is no underlying tort committed by the defendant's employees and summary judgment on this claim is appropriate.  Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (DE 128) is **GRANTED**.

Signed on  August 18, 2005

**Jennifer B. Coffman, Judge**
**United States District Court**